## UNITED STATES BANKRUTPCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 11-42388-MSH |
| PATRICK K. SHANAHAN, | ) | |
| Debtor | ) | |
| | ) | |
| JOHN A. BURDICK, Jr., Chapter 7 Trustee, | ) | |
| Plaintiff | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 13-4015 |
| PATRICK K. SHANAHAN, | ) | |
| JOHN P. SHANAHAN, SR., | ) | |
| MAUREEN MCNIFF, | ) | |
| MARY BETH SHANAHAN, individually and as Custodian for Mya and Molly Shanahan under the Uniform Gifts for Minors Act, | ) | |
| Defendants | ) | |

**MEMORANDUM OF DECISION AND ORDER ON MOTION TO DISMISS
OF DEFENDANT JOHN P. SHANAHAN, SR.**

Defendant John P. Shanahan, Sr. ("John") has moved to dismiss for lack of subject-matter jurisdiction all claims asserted against him in the amended complaint of plaintiff John A. Burdick, Jr. in this adversary proceeding. The only claim asserted against John in the amended complaint is in count IV, seeking the avoidance of a fraudulent transfer. Mr. Burdick, the chapter 7 trustee of the estate of Patrick K. Shanahan, the debtor in the main case, a defendant in this proceeding and John's brother, contends that the debtor's participation in a March 23, 2010 amendment to the Lori Lane Trust, of which the debtor served as trustee and the primary asset of

which was real estate in Pelham, New Hampshire, amounted to a voidable fraudulent transfer under § 548(a)(1) of the Bankruptcy Code (11 U.S.C. § 101 *et seq*).  According to the amended complaint and to findings in a memorandum of decision dated March 12, 2013, in a separate adversary proceeding involving the Lori Lane Trust (the "First AP"),[1] prior to the amendment the debtor held absolute and exclusive power and control over the management and conduct of the business affairs of the trust as well as the power to alter, amend or revoke the trust or change its beneficiaries at any time. By means of the amendment, the debtor changed the beneficiary of the trust, which had been his mother, to his brother John and sister, defendant Maureen McNiff, and ceded to the beneficiaries his authority to sell, mortgage or transfer the real property of the trust and to remove, add or replace the beneficiaries. Mr. Burdick claims that the amendment effectively placed the trust real estate beyond the reach of the debtor's creditors and was thus a fraudulent transfer.

In the First AP, I determined, among other things, that the 2010 amendment deprived the debtor's bankruptcy estate of any interest in the New Hampshire real estate other than bare legal title by virtue of the debtor's continuing status as trustee, and that such an interest was insufficient to invest the bankruptcy court with jurisdiction over the First AP. It is the latter ruling that forms the basis of John's motion to dismiss here. John asserts that my ruling in the First AP determined that the bankruptcy court "lacked subject matter jurisdiction over the [trust] property," and since the trust property is at the heart of the fraudulent transfer claim being asserted by Mr. Burdick against John in this proceeding, subject matter jurisdiction is likewise lacking here.

John mischaracterizes the jurisdictional ruling in the First AP. Subject matter jurisdiction applies not to a thing, such as a piece of real estate, but to a case or proceeding or to a cause of

---

[1] *Mcniff v. Shanahan* (*In re Shanahan*), No. 12-04016.

1

action asserted therein. *See*, *e.g.*, 28 U.S.C. § 1334; Kontrick v. Ryan, 540 U.S. 443, 455, 124 S. Ct. 906, 915, 157 L. Ed. 2d 867 (2004) ("Clarity would be facilitated if courts and litigants used the label "jurisdictional" . . . only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority"). The fact that subject matter jurisdiction was found to have been lacking in the First AP, which involved a dispute as to the continuing existence of the trust and the rights of the parties to ownership of the New Hampshire property, has no determinative impact on whether subject matter jurisdiction exists over Mr. Burdick's claim, raised for the first time here, that the 2010 trust amendment was tantamount to a fraudulent transfer. Whether the bankruptcy court has subject matter jurisdiction to hear and determine a fraudulent transfer claim is hardly a controversial issue.[2]

Under 28 U.S.C. § 1334(b), the district court, and by reference the bankruptcy court, has original but non-exclusive jurisdiction in "all civil proceedings arising under title 11, or arising in or related to" a bankruptcy case. *See* LR, D. Mass. 201. Proceedings "arising under" or "arising in" a bankruptcy case fall within a bankruptcy court's "core" jurisdiction. *See* 28 U.S.C.

---

[2] The same cannot be said about the bankruptcy court's constitutional authority to decide fraudulent transfer claims. *Stern v. Marshall*, 131 S. Ct. 2594, 2620, 180 L. Ed. 2d 475 (2011) *reh'g denied*, 132 S. Ct. 56, 180 L. Ed. 2d 924 (U.S. 2011) ("The Bankruptcy Court below lacked the constitutional authority to enter a final judgment on a state law [claim] that is not resolved in the process of ruling on a creditor's proof of claim"), and *In re Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 565-66 (9th Cir. 2012) *cert. granted*, 133 S. Ct. 2880 (U.S. 2013) ("§ 157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts. Such cases remain in the core, and the § 157(b)(1) power to 'hear and determine' them authorizes the bankruptcy courts to issue proposed findings of fact and conclusions of law. Only the power to enter final judgment is abrogated [unless the parties impliedly consent]"). Fortunately, in our corner of the country, any uncertainty about constitutional authority is presently alleviated by the ruling of the U.S. Court of Appeals for the First Circuit in *In re DiVittorio*, 670 F.3d 273, 282 n.4 (1st Cir. 2012) that the holding in *Stern* is to be narrowly construed, and by Rule 206 of the Local Rules of the United States District Court for the District of Massachusetts, which provides:
> If a bankruptcy judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under L.R. 201 and determined to be a core matter under 28 U.S.C. § 157, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court made in compliance with Fed. R. Civ. P. 52(a)(1) in the form of findings and conclusions stated on the record or in an opinion or memorandum of decision.

2

§ 157(b). A fraudulent transfer claim is a statutorily enumerated core proceeding. 11 U.S.C. § 157(b)(2)(H).

Prior to the 2010 amendment to the Lori Lane Trust, the debtor held unilateral power to change the trust's beneficiaries, transfer trust property, and alter or terminate the trust. These powers conferred on him a property interest surpassing bare legal title. *See Markham v. Fay*, 74 F.3d 1347, 1359 (1st Cir. 1996) ("Due to the broad nature of Fay's powers and the limited and unenforceable nature of the beneficial interests, Fay has the power to eliminate the interests of her sons and her sister. We therefore think that a Massachusetts court would treat the entire trust property of the Green Pastures and Parker Hill Nursing Home Trusts as Fay's own in favor of her creditors"); *In re Beatrice*, 296 B.R. 576, 581 (B.A.P. 1st Cir. 2003); *In re Tougas*, 338 B.R. 164, 175 (Bankr. D. Mass. 2006). The debtor's abrogating his power via trust amendment could, therefore, plausibly have constituted a fraudulent transfer. *See Maher v. Harris Trust & Sav. Bank*, 75 F.3d 1182, 1185 (7th Cir. 1996), *abrogated on other grounds by Campbell v. F.D.I.C.*, 676 F.3d 615, 618 (7th Cir. 2012); *In re Mizrahi*, 179 B.R. 322, 325-26 (Bankr. M.D. Fla. 1995); *In re Crawford*, 172 B.R. 365, 367 (Bankr. M.D. Fla. 1994). Accordingly, this is a core proceeding over which the bankruptcy court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(1).

John's motion to dismiss is DENIED. He shall file his answer to the complaint within twenty (20) days of the date of this order.

At Worcester, Massachusetts this 11th day of December, 2013.

By the Court,

_____
Melvin S. Hoffman
U.S. Bankruptcy Judge

3

4